IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02157-BNB

WAYNE BRUNSILIUS,

    Plaintiff,

v.

THE STATE OF COLORADO,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2008

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Plaintiff, Wayne Brunsilius, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He attempted to initiate this action by submitting to the Court *pro se* a document titled "Petition of a Writ of Mandamus" and a letter to the clerk of the Court. The Court reviewed the documents and determined they were deficient. Therefore, in an order filed on October 12, 2007, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Brunsilius to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The October 12, 2007, order pointed out that Mr. Brunsilius failed to submit a Prisoner Complaint on the proper, Court-approved form. The order also pointed out that Mr. Brunsilius failed either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form or to pay

the $350.00 filing fee. The order warned Mr. Brunsilius that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice. On November 6, 2007, Magistrate Judge Boland granted Mr. Brunsilius a thirty-day extension of time in which to cure the designated deficiencies.

On December 17, 2007, in lieu of curing the designated deficiencies, Mr. Brunsilius submitted a letter to the clerk of the Court "giving notice" that the instant action "will not be continued" and requesting that the Court either convert this civil rights to a habeas corpus action or dismiss the action "without prejudice." December 17, 2007, letter at 1. The Court must construe the December 17 letter liberally because Mr. Brunsilius filed the letter on his own behalf. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the December 17 letter liberally as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." No response has been filed by the Defendant in this action. A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

2

ORDERED that the letter that Plaintiff, Wayne Brunsilius, submitted to and filed with the Court on December 17, 2007, is construed liberally as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is effective as of December 17, 2007, the date the liberally construed notice of dismissal was filed in this action. It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED at Denver, Colorado, this 3 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02157-BNB

Wayne Brunsilius
Prisoner No. 65458
Kit Carson Corr. Center
PO Box 2000 - Unit AB - 118
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/04/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk